UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: _____

STEPHANIE FALCON,            )
                             )
    Plaintiff,               )
                             )
v.                           )
                             )
BLUE WATER SHIPPING U.S., INC.,  )
                             )   Case No.: _____
                             )
    Defendant.               )
                             )
                             )
                             )
_____)

## COMPLAINT

Plaintiff, STEPHANIE FALCON ("FALCON" or "Plaintiff"), sues the Defendant, BLUE WATER SHIPPING U.S., INC., a foreign corporation ("BWS" or "Defendant"), and alleges as follows:

### NATURE OF ACTION

1. This action involves the application of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. (the "FMLA"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e et seq.; the Civil Rights Act of 1991, 42 U.S.C.A. § 1981a; the Florida Civil Rights Act, Fla. Stat. § 760 *et seq*. (the "FCRA"); and Florida common law.

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 2617. Jurisdiction is also invoked pursuant to 42 U.S.C.A. § 2000e-5(f), 28 U.S.C.A. §§ 1343(3) and 1343(4), and pursuant to 28 U.S.C.A. § 1367.

1

3.      Venue is proper under 28 U.S.C. § 1391(b) and 42 U.S.C.A. § 2000e-5(f)(3) because the acts complained of occurred within this judicial district and because Defendant has its principal place of business within the district, reside in the judicial district and because the employment records of FALCON are stored or have been administered, in Broward County.

## PARTIES

4.      At all times material, FALCON was and is a resident of Broward County, Florida.

5.      At all times material, FALCON was an "employee" within the meaning of the FCRA.

6.      At all times material to this Complaint, FALCON was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

7.      At all times material, BWS is a foreign corporation doing business in Broward County, Florida.

8.      At all times material, Defendant was an "employer" as defined by 29 U.S.C.§ 2611(4).

9.      At all times material, Defendant was an employer within the meaning of 42 U.S.C.A. § 2000e and the FCRA, and was engaged in an industry affecting commerce, and on information and belief, employed more than fifteen (15) employees for each working day in each of twenty (20) or more calendar weeks in the then current or preceding calendar year.

## CONDITIONS PRECEDENT

10.     Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C.A. § 2000e. A Notice of Right To Sue was issued by the Equal Employment Opportunity Commission ("EEOC") on February 3, 2016, a true and correct copy of which is attached to this Complaint as **Exhibit "A."**

11.     Plaintiff has complied with all conditions precedent required by the FCRA, and is filing this Complaint more than 180 days from the date of she filed her charge of discrimination with the EEOC.

## GENERAL ALLEGATIONS

12.     At all times material, FALCON was employed by BWS from on or about June 15, 2011, until her wrongful termination on April 1, 2014.

13.     FALCON performed her work admirably and was revered by her colleagues with whom she worked.

14.     On or about March of 2014, Plaintiff found out she was pregnant.

15.     On or about March 21, 2014, FALCON notified her supervisor, JOE SOTELO, that she was pregnant.

16.     On or March 21, 2014, Plaintiff left work early because she had an appointment with her OB/GYN. Her request to leave early had been approved by her supervisors.

17.     However, on March 21, 2014, Plaintiff missed her appointment with her OB/GYN and decided to re-schedule for a later time.

18.     On March 23, 2014, Plaintiff went on a pre-approved vacation on a cruise, which lasted until March 30, 2014.

19.     On March 30, 2014 (a Sunday), upon her return from vacation, FALCON contacted her Branch Manager, ZAIDA PENA, and advised Ms. Peña that she was going to go see her OB/GYN about her pregnancy and her baby on March 31, 2014. Further, FALCON informed Ms. Peña that this needed to be done on this day because Plaintiff had missed her March 21, 2014 appointment.

20. Ms. Peña replied to FALCON – "that is irresponsible" – and then told Plaintiff to report to work on April 1, 2014.

21. By March 30, 2014, FALCON had accumulated and not used 2 personal days, one week of sick days, and three weeks of vacation (one of which was used on the cruise).

22. On April 1, 2014, Ms. Peña confronted FALCON and terminated her.

## COUNT I: INTERFERENCE WITH FMLA RIGHTS

23. FALCON repeats and re-alleges paragraphs 1-22 as if fully stated herein.

24. FALCON was an "eligible employee" and entitled to leave under the FMLA.

25. At all times material, FALCON gave proper notice to BWS by informing BWS of her medical condition.

26. FALCON provided enough information for BWS to know that her potential leave may be covered by the FMLA.

27. At all times material hereto, FALCON communicated with Defendant regarding her medical condition.

28. BWS had knowledge of FALCON's medical condition and the reason for FALCON's absence from work.

29. Despite its knowledge of FALCON's medical condition, BWS failed to notify FALCON of her eligibility status and rights under the FMLA and failed to notify FALCON whether her leave was or could be designated as FMLA leave.

30. Instead of informing FALCON of her rights, BWS terminated FALCON.

31. BWS interfered with FALCON's rights to take leave under the FMLA and denied her the benefits to which she was entitled.

**WHEREFORE**, FALCON demands judgment against BWS, as follows:

    a. Enter judgment in FALCON's favor and against BWS for its violations of the FMLA;

    b. Award FALCON actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

    c. Award FALCON liquidated damages based on BWS's conduct;

    d. Award FALCON prejudgment interest on her damages award;

    e. Award FALCON reasonable costs and attorney's fees;

    f. Award FALCON any further relief pursuant to the FMLA; and,

    g. Grant FALCON such other and further relief as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff, FALCON requests a trial by jury on all issues so triable.

## COUNT II: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964, GENDER DISCRIMINATION

32. FALCON repeats and re-alleges paragraphs 1-22 as if fully stated herein.

33. Plaintiff has been terminated and subjected to disparate treatment because of her gender in violation of Title VII of the Civil Rights Act of 1964, and because of such actions by Defendant she has suffered both irreparable injury and compensable damage unless and until this court grants relief.

34. As a direct and proximate result of the actions of Defendant set forth above, FALCON has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the plaintiff solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

(a) A declaration that the acts and practices of Defendant complained of in this Complaint are in violation of Title VII of the Civil Rights Act of 1964;

(b) Injunctive relief ordered by the Court enjoining and permanently restraining these violations of Title VII by Defendant;

(c) An order of this Court directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits, according to proof;

(d) Compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

(e) Punitive damages, according to proof;

(f) Awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by § 706(k) of Title VII, 42 U.S.C.A. § 2000e-5(k);

(g) Trial by jury on all issues triable of right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure (F.R.C.P. 38); and

(h) Such other and further relief as the Court deems just and proper.

## COUNT III: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, GENDER DISCRIMINATION

35. FALCON repeats and re-alleges paragraphs 1-22 as if fully stated herein.

36. Plaintiff has been terminated and subjected to disparate treatment because of her gender in violation of the FCRA, and because of such actions by Defendant she has suffered both irreparable injury and compensable damage unless and until this court grants relief.

37. As a direct and proximate result of the above-described actions of Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the plaintiff solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

(a) A declaration that the acts and practices of Defendant complained of in this Complaint are in violation of the FCRA;

(b) Injunctive relief ordered by the Court, enjoining and permanently restraining these violations of the FCRA by Defendant;

(c) An order of this Court directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits, according to proof;

(d) Compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by defendant's intentional discrimination, according to proof;

(e) Punitive damages, according to proof;

(f) Awarding plaintiff the costs of this action together with reasonable attorney's fees, as provided by the FCRA;

(g) Trial by jury; and

(h) Such other and further relief as the Court deems just and proper.

Dated: March 18, 2016.

By:/s/ *R. Martin Saenz*
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549